IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darrell Denteze Horry, ) | Case No. 2:23-cv-02084-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Officer Cardenas, Officer Tew, Officer ) | |
| Stroder, Mount Pleasant Police ) | |
| Department, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's pro se Complaint. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On June 13, 2023, the Magistrate Judge issued a Report recommending that this action be dismissed without issuance of service of process and without leave to amend. ECF No. 12. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections to the Report.[1] ECF No. 18.

---

[1] On August 3, 2023, Plaintiff filed a "Petition for Status" in which he requests a status update and states that he has not received anything from the Court since he was moved to a new prison. ECF No. 17. The Court finds this request, as well as his requests for copies of documents, as **MOOT** because it appears Plaintiff has received all the filings in this action.

## **APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

---

On September 29, 2023, Plaintiff filed a Motion to Appoint Counsel. There is no constitutional right to appointed counsel in a civil case, *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989), but this Court may exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(d); *see Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971). However, the Fourth Circuit has stated that counsel should be appointed only in exceptional circumstances, which "will turn on the quality of two basic factors—the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993) (internal quotation marks omitted) (quoting *Whisenant*, 739 F.2d at 163). The pleadings and documents filed in this case fail to demonstrate exceptional circumstances exist. Accordingly, the Motion [19] is **DENIED**.

As an initial matter, the Magistrate Judge recommends dismissal of Mount Pleasant Police Department because it is not a person amenable to suit under 42 U.S.C. § 1983. Plaintiff does not specifically object to this recommendation; however, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the record, the Report, and the applicable law. Upon such review, the Court agrees with the recommendation of the Magistrate Judge that Mount Pleasant Police Department is subject to summary dismissal.

Upon de novo review, the Court also agrees with the recommendation of the Magistrate Judge with respect to the legality of the traffic stop. As explained in more detail in the Report, Plaintiff has not challenged the traffic infraction that led to the stop. In his objections, Plaintiff seems to contend that any traffic stop would infringe upon his right to travel and that traffic infractions are not crimes because they do not have victims. The Court finds these arguments unconvincing. *Estell El ex rel. Whitaker v. City of Greensboro, N.C.*, No. 1:22-CV-48, 2022 WL 2915473, at *2 (M.D.N.C. July 12, 2022), *aff'd,* No. 22-1790, 2022 WL 17581957 (4th Cir. Dec. 12, 2022) ("The constitutional right to travel gives a United States citizen the right to travel from one State to another but it is not, as Ms. Estell El seems to think, a right to travel in any manner, without regulation, and [it] does not provide travelers a right to ignore state traffic laws." (internal citations and quotation marks omitted)). Plaintiff alleges that he was stopped due to a traffic

3

infraction and that the driver consented to a search of the vehicle. Accordingly, as explained in the Report, Plaintiff's claim is subject to summary dismissal.[2]

As to Plaintiff's claims for sexual assault and failure to protect, the Court finds that Plaintiff has alleged sufficient facts to survive summary dismissal. Plaintiff alleges, inter alia, that he was repeatedly sexually assaulted during the pat downs by Officer Cardenas and that the remaining Defendants were aware of the sexual assaults, made degrading comments about the event, and failed to intervene. At this early procedural posture, the Court finds that Plaintiff has alleged sufficient facts to state a plausible claim for relief. *See Derica Anderson, v. Trooper M Johnson, First Sgt J Nash, Trooper C Ridenhour, & Lebleu Towing & Salvage Towing*, No. 1:22-CV-598, 2023 WL 6296648, at *4 (M.D.N.C. Sept. 27, 2023).

Accordingly, upon de novo review of the record, the Report, and the applicable law, the Court adopts in part and respectfully declines to adopt in part, the Report of the Magistrate Judge. This matter is recommitted to the Magistrate Judge with instructions to authorize service of process as set out in this Order. Mount Pleasant Police Department is **DISMISSED** from this action.

IT IS SO ORDERED.

                                                                     s/ Donald C. Coggins, Jr.
                                                                     United States District Judge

October 5, 2023
Spartanburg, South Carolina

---

[2] Any claim that the "pat down" of Plaintiff was a violation of his Fourth Amendment rights survives as Plaintiff's allegations, liberally construed, are sufficient to withstand summary dismissal.