IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Darrell Denteze Horry, | ) | Case No. 2:23-cv-02084-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Officer Cardenas, Officer Tew, Officer Stroder, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for review of the Magistrate Judge's Report and Recommendation. ECF No. 79. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On June 12, 2024, the Magistrate Judge issued a Report recommending that Defendants Officer Cardenas and Officer Tew ("the unserved Defendants") be dismissed from this action for failure to serve pursuant to Federal Rule of Civil Procedure 4(m). ECF No. 79. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections to the Report. ECF No. 86.

**APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The procedural history leading to this point is lengthy and is thoroughly summarized by the Magistrate Judge. ECF No. 79 at 1–4. Picking up where the Magistrate Judge left off, after the issuance of the Report, Plaintiff submitted proposed Forms USM-285 for the unserved Defendants. Plaintiff then filed a motion for order to show cause, in which he states that defense counsel should inform him of the addresses for the unserved Defendants. ECF No. 85. Thereafter, he filed objections to Report in which he essentially argues that the Magistrate Judge did not provide him sufficient opportunities to submit updated Forms USM-285s and that the United States Marshal Service failed to timely effectuate service. ECF No. 86. Defense counsel filed a response in opposition to the motion for order to show cause on July 9, 2024. ECF No. 88.

On July 18, 2024, the Court issued a text order directing defense counsel to clarify whether they represent or have a better address for the unserved Defendants; the Court

also denied the motion for order to show cause. ECF No. 90. Defense counsel has now clarified that they do not represent nor do they have a better address for the unserved Defendants. Accordingly, the Court turns to the Report and Plaintiff's proposed Forms USM-285.

As an initial matter, with respect to any objection that the United States Marshals Service has not sufficiently attempted to effectuate service, that objection is overruled. The Magistrate Judge provided a thorough recitation of the efforts of the United States Marshal and the record fully supports this summary. Further, based upon the status report filed by defense counsel, there is no further information regarding the unserved Defendants' addresses. Accordingly, as to Defendant Cardenas, the Court adopts the recommendation of the Magistrate Judge. *See* Gardner v. Dial, No. 2:16-cv-03547-BHH-MGB, 2017 WL 9673666, at *2 (D.S.C. Oct. 20, 2017) ("However, the plaintiff must provide sufficient information to locate the defendant with 'reasonable effort.'").

As to Officer Tew, as stated above, Plaintiff provided updated Form USM-285 with a new address for Officer Tew.[1] Accordingly, the Magistrate Judge is directed to authorize service of process using the new address provided for Officer Tew. Under the circumstances of this case, the Court finds good cause exists to extend the time for service by an additional 90 days. *See* Fed. R. Civ. P. 4(m). However, the Court further notes that Plaintiff has now had several opportunities to attempt proper service. The undersigned is not inclined to extend the time for service again.

---

[1] The address given for Officer Cardenas was the same address previously given and service at that address was not completed.

3

Accordingly, upon de novo review of the record, the Report, and the applicable law, the Court adopts in part and finds as moot in part, the Report of the Magistrate Judge. This matter is recommitted to the Magistrate Judge with instructions to authorize service of process as set out in this Order.  Defendant Officer Cardenas is **DISMISSED** pursuant to Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

                                                                   s/ Donald C. Coggins, Jr.
                                                                   United States District Judge

August 12, 2024
Spartanburg, South Carolina