UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Darrell Denteze Horry, | ) | No. 2:23-cv-2084-DCC-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Officer Tew, Officer Stroder, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action was filed by Plaintiff, proceeding pro se and in forma pauperis, pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff is an inmate in the custody of the Georgia Department of Corrections and is presently confined at the Smith Transition Center in Claxton, Georgia. He contends Defendants[1] violated his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the undersigned United States Magistrate Judge is authorized to review all pretrial matters in this case and to submit findings and recommendations to the District Court.

On July 26, 2024, Defendant Officer Stroder[2] filed a motion for summary judgment. ECF No. 94. As Plaintiff is proceeding pro se, the Court entered an order pursuant to *Roseboro v.*

---

[1] By Order dated October 6, 2023, the Court authorized service of the summons and Complaint on three Defendants named in the Complaint—Officer Tew, Officer Cardenas, and Officer Stroder. ECF No. 24. Officer Stroder was served on April 9, 2024, and filed an Answer to the Complaint on April 19, 2024. ECF Nos. 63; 64. On August 12, 2024, Defendant Officer Cardenas was dismissed from this action. ECF No. 104. By Order dated August 13, 2024, service was again authorized on Defendant Officer Tew. ECF No. 107. As of the date of this Report and Recommendation, Officer Tew has not been served and service is due by November 12, 2024. See ECF No. 108. As such, the action will remain pending as to Officer Tew.

[2] Defendant Officer Stroder notes that his name is actually "Strode." ECF No. 94 at 1.

*Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the motion and of the need for him to file an adequate response by August 29, 2024. ECF No. 95. Plaintiff was specifically advised that if he failed to respond adequately, Defendant's motion may be granted, thereby ending this case. *Id*. However, notwithstanding the specific warning and instructions set forth in the Court's *Roseboro* Order, Plaintiff has failed to respond to the motion. Therefore, it appears to the Court that Plaintiff has abandoned his claims against Defendant Officer Stroder, and this case is subject to dismissal as to this Defendant for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indus.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

Here, Plaintiff is personally responsible for proceeding in a dilatory fashion, and Defendant Officer Stroder is suffering prejudice due to having to expend time and resources on a case in which Plaintiff is unresponsive. No sanctions other than dismissal appear to exist as Plaintiff is indigent (and therefore not subject to monetary sanctions) and he has otherwise failed to respond to Court filings despite Court orders requiring him to do so.

Accordingly, it is recommended that Defendant Officer Stroder be dismissed from this action for lack of prosecution under Rule 41(b).[3] If Plaintiff advises the Court that he wishes to continue with this case against Defendant Officer Stroder and files a response to Defendant's motion for summary judgment by September 24, 2024, then in that event the Clerk is directed to return this case to the undersigned for further review. If, however, Plaintiff fails to respond, Defendant Officer Stroder should be dismissed from this action with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

---

[3] After a litigant has received an explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the District Court may, under Fed. R. Civ. P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order. *See Simpson v. Welch*, 900 F.2d 33, 35-36 (4th Cir. 1990).

IT IS SO RECOMMENDED.

s/Bristow Marchant
United States Magistrate Judge

September 11, 2024
Greenville, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).