IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Darrell Denteze Horry, | ) | Case No. 2:23-cv-02084-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Officer Tew and Officer Stroder, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for review of Plaintiff's objections to the Court's prior Order and for review of the Magistrate Judge's Report and Recommendation. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Bristow Marchant[1] for pre-trial proceedings and a Report and Recommendation ("Report"). On June 12, 2024, the Magistrate Judge issued a Report recommending that Defendants Officer Cardenas and Officer Tew be dismissed from this action for failure to serve pursuant to Federal Rule of Civil Procedure 4(m). ECF No. 79. The undersigned adopted the Report as to Officer Cardenas and dismissed him from this action. ECF No. 104. Because Plaintiff had provided updated service information for Officer Tew, the undersigned recommitted the matter to the Magistrate Judge to authorize service as to Officer Tew. On September 6, 2024, Plaintiff filed objections to the undersigned's prior order and requested that Officer

---

[1] This action has since been reassigned to Magistrate Judge William S. Brown.

Cardenas be added back to this action.  ECF No. 112.  On September 11, 2024, the Magistrate Judge issued a Report recommending that Officer Stroder be dismissed from this action for lack of prosecution.  ECF No. 113.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Plaintiff has not filed objections and the time to do so has lapsed.[2]

## OBJECTIONS TO PRIOR ORDER

As noted above, Plaintiff objects to the Court's prior Order dismissing Officer Cardenas and requests that the Court order Daniel Summa to provide an updated address for Officer Cardenas.  ECF No. 112 at 1.

Any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  The Fourth Circuit has held that that motions under Rule 54(b) are "not subject to the strict standards applicable to motions for reconsideration of a final judgment."  *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003); *see also Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991) (finding it "unnecessary to thoroughly express [Fourth Circuit's] views on the interplay of Rules 60, 59, and Rule 54").  In deciding these motions, district courts have looked to the standards

---

[2] The Report was initially sent to Plaintiff's address in Claxton, Georgia.  ECF No. 114.  On September 19, 2024, Plaintiff provided an updated address, and the Report was remailed the same day.  ECF Nos. 118, 119.  Neither copy of the Report has returned as undeliverable.

of motions under Rule 59 for guidance.  "Therefore, reconsideration under Rule 54(b) is appropriate on the following grounds: (1) to account for an intervening change in controlling law; (2) to account for newly discovered evidence; or (3) to correct a clear error of law or prevent manifest injustice."[3]  *South Carolina v. United States*, 232 F. Supp. 3d 785, 793 (D.S.C. 2017).

A motion to reconsider an interlocutory order is not an appropriate vehicle to rehash arguments already considered by the court because the movant is displeased with

---

[3] Courts in this district have recognized that:

> The Fourth Circuit has suggested that the law of the case doctrine has evolved as a means of guiding a district court's discretion in deciding a Rule 54(b) motion for reconsideration of an interlocutory order. *Am. Canoe Ass'n*, 326 F.3d at 515. Under the law of the case doctrine, an earlier decision of the court becomes the law of the case and must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *Sejman v. Warner–Lambert Co., Inc.,* 845 F.2d 66, 69 (4th Cir. 1988) (internal quotation marks omitted), *cited with approval in Am. Canoe Ass'n*, 326 F.3d at 515. This court notes that the three reasons for overcoming the law of the case doctrine mirror the three reasons for granting relief under Rule 59(e). *See United States v. Duke Energy Corp.*, No. 1:00cv1262, 2014 WL 4659479, at *3 n.4 (M.D.N.C. Sept. 17, 2014).

*South Carolina v. United States*, 232 at 793.  The Fourth Circuit has clarified that "[t]his standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of new evidence not available at trial." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (internal quotation marks and citation omitted).

3

the outcome.  *See Ashmore*, 2017 WL 24255, at *3; *Sanders v. Wal-Mart Stores E.*, No. 1:14-cv-03509-JMC, 2016 WL 6068021, at *3 (D.S.C. Oct. 17, 2016).  Nor may a movant raise new arguments or evidence that could have been raised previously.  *See Nationwide Mut. Fire Ins. Co. v. Superior Solution, LLC*, No. 2:16-cv-423-PMD, 2016 WL 6648705, at *2 (D.S.C. Nov. 10, 2016); *Regan v. City of Charleston*, 40 F.Supp.3d 698, 701 (D.S.C. 2014).  In assessing a motion under Rule 54(b), these standards are not as strictly applied as they would be if the order were a final judgment and reconsideration were sought under Rule 59(e).  *Am. Canoe Ass'n*, 326 F.3d at 514–15.

In this case, the Court can find no reason to disturb its prior Order.  As was explained in detail by the Magistrate Judge in the Report and by the undersigned in its Order dismissing him from this action, the Court has endeavored to assist Plaintiff in ascertaining Officer Cardenas address within the scope of its powers.  While Plaintiff disagrees, the Court has done all it is able to do.  Ultimately, it is Plaintiff's responsibility to provide information sufficient to effectuate service.  *See Gardner v. Dial*, No. 2:16-cv-03547-BHH-MGB, 2017 WL 9673666, at *2 (D.S.C. Oct. 20, 2017) ("However, the plaintiff must provide sufficient information to locate the defendant with 'reasonable effort.'").  As he has failed to provide the necessary information, dismissal of Officer Cardenas was appropriate.  Therefore, to the extent Plaintiff requests reconsideration of the Court's prior Order, such request is denied.

## RULING ON THE REPORT

As stated above, Plaintiff has not filed objections to the Report.  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no

4

presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

On July 26, 2024, Officer Stroder filed a motion for summary judgment. ECF No. 94. The Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of the motion and the need for him to file an adequate response. ECF No. 95. Despite the warning that the motion may be granted if he failed to timely respond, Plaintiff did not respond to the motion. On September 11, 2024, the Magistrate Judge issued a Report recommending that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Plaintiff has not filed objections to the Report. Accordingly, upon review for clear error, the Court adopts the Report of the Magistrate Judge.

**CONCLUSION**

Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration [112] and adopts the Magistrate Judge's Report. Officer Stroder is **DISMISSED** from this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).[4]

IT IS SO ORDERED.

                                                          s/ Donald C. Coggins, Jr.
                                                          United States District Judge

October 24, 2024
Spartanburg, South Carolina

---

[4] The motion for summary judgment [94] is **FOUND as MOOT**.